UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                   Case No. 1:05-CV-739

CHARLES CONCES, individually          HON. GORDON J. QUIST
and d/b/a CHAIRMAN of the
NATIONAL LAWMAN COMMITTEE(S)
FOR THE PUBLIC INTEREST, an
unincorporated organization,

      Defendant.
_____/

# OPINION

## Background

Plaintiff, United States of America ("Government"), has sued Defendant, Charles Conces ("Conces"), d/b/a Chairman of the National Lawman Committee(s) for the Public Interest, pursuant to 26 U.S.C. §§ 7402 and 7408, seeking injunctive relief prohibiting Conces, individually and d/b/a the National Lawman Committee(s) for the Public Interest, and others in active concert or participation with him, from violating and interfering with the administration of the internal revenue laws. More particularly, the Government seeks to enjoin Conces from organizing, promoting, marketing, or selling abusive tax shelters, from aiding and abetting other persons' federal tax understatements, and from otherwise engaging in conduct that impedes the administration and enforcement of the tax laws. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1340 and 1345.

Presently before the Court are the following motions: (1) Conces' motion for recusal and objections to the Government's application for entry of default; (2) the Government's motion to

strike portion of Conces' answer (which the Court will consider as directed to Conces' answer to the first amended complaint); and (3) Conces' motion to dismiss for lack of jurisdiction. In addition, the Government has filed a response to Conces' apparent motions to dismiss embedded in his answer (which the Court will also consider with respect to Conces' answer to the first amended complaint).

## Discussion

### I. Conces' Motion for Recusal and Objections to Application for Entry of Default

In his motion, Conces argues that this Court must recuse pursuant to 28 U.S.C. § 455(a), which provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Subsection (b) of § 455 describes five specific circumstances in which a judge must recuse, but Conces does not specifically mention any of those provisions. However, the document titled "Notice of Office Vacancies" attached to the motion indicates that Conces may be arguing that recusal is appropriate under subsection (b)(1), which provides that a judge must recuse "[w]here he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1).

Conces asserts in his "Notice of Office Vacancies" that this Court, as well as almost all of the judges and magistrate judges of this district, have violated their oaths of office, the Code of Conduct for United States Judges, "precedence law", and the Federal Rules of Civil Procedure by engaging in "knowing and deliberate favoritism and cronyism" toward the Internal Revenue Service, various Michigan judges, and other state officials. More specifically, Conces asserts that the judges of this district have acted improperly by ruling against Conces and other plaintiffs in previous lawsuits and by consistently rejecting Conces' theory that the income tax is unconstitutional.

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving

2

otherwise." Pope v. Fed. Express Corp., 974 F.2d 982, 985 (8th Cir. 1992) (citation omitted). See also Hall v. Dworkin, 829 F. Supp. 1403, 1408 (N.D.N.Y. 1993) (noting that "there is a 'substantial burden' on the moving party to demonstrate that the judge is not impartial"). Whether a motion to recuse should be granted is a matter committed to the district court's discretion. See United States v. Jamieson, 427 F.3d 394, 405 (6th Cir. 2005).

The Sixth Circuit applies an objective standard to recusal under § 455. See Wheeler v. Southland Corp., 875 F.2d 1246, 1251 (6th Cir. 1989). "A district judge is required to recuse himself only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Id. (internal quotations omitted). When § 455(b)(1) is urged as the basis for recusal, "the issue is whether 'a reasonable person would be convinced the judge was biased.'"[1] Grove Fresh Distribs., Inc. v. John Labatt, Ltd., 299 F.3d 635, 640 (7th Cir. 2002) (quoting Lac du Flambeau Indians v. Stop Treaty Abuse-Wis., Inc., 991 F.2d 1249, 1255 (7th Cir. 1993) (citations omitted)). Generally, "'[p]ersonal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." Youn v. Track, Inc., 324 F.3d 409, 423 (6th Cir. 2003). However, the Supreme Court has held that an

---

[1] Conces does not cite or rely on 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Sections 144 and 455(b)(1) are essentially duplicative, except that Section 455(b)(1) applies to all justices, judges, and magistrate judges (as opposed to only district judges) and places the obligation to identify the grounds for recusal upon the judge, rather than upon the parties. See Bell v. Johnson, 404 F.3d 997, 1004 n.7 (6th Cir. 2005).

3

extrajudicial source (as opposed to one arising out of events occurring during the proceedings) bearing on a judge's opinion is neither necessary nor sufficient for recusal under § 455(a) or (b)(1), "since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice," and "*some* opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will *not* suffice." Liteky v. United States, 510 U.S. 540, 554, 114 S. Ct. 1147, 1157 (1994). The Court in Liteky also set forth the following observations:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

Id. at 555-56, 114 S. Ct. at 1157.

In this case, the sole bases for Conces' motion are that this Court ruled against him in Conces v. Eppler, No. 5:03-CV-87 (W.D. Mich.), and declined to accept his arguments regarding the Internal Revenue Code. In the prior case, the Court denied Conces' motion for entry of default judgment against the defendant, an Internal Revenue Service agent, and instead dismissed Conces' complaint because it failed to state a claim. The Court dismissed the complaint solely on the ground that the

law did not support Conces' claims. Notably, Conces did not appeal the order of dismissal to the United States Court of Appeals for the Sixth Circuit, as he had the right to do. Conces has offered nothing more in support of his motion than a typical outcome of a lawsuit – a losing party who disagrees with the judge's ruling. Conces has not pointed to any extrajudicial source of bias or prejudice by this Court against Conces, and he has not shown such a high degree of antagonism against him by this Court in the prior case that it would be impossible for Conces to receive a fair and impartial determination. In light of Conces' failure to offer any reasonable basis for recusal, the Court will deny his motion.

As part of his motion for recusal, Conces also objects to the Government's application for default. In light of the Government's concession that Conces filed a timely answer, this portion of his motion is moot. In addition, the Court finds no basis to impose sanctions on the Government's counsel, as requested by Conces. The Government filed its application after the time for Conces to file his answer had expired. However, because Conces did not e-file his answer, it did not appear on the docket report and the Government reasonably assumed that Conces failed to file a timely answer.

**II.     Motion to Strike Portions of Answer**

In its motion to strike, the Government requests that the Court strike certain matters in Conces' answer. Although the Government made its motion in connection with Conces' answer to the original complaint, the Court will consider the motion as directed toward Conces' answer to the Government's first amended complaint. The Government requests that the Court strike the following from Conces' answer to the first amended complaint: (1) Conces' demand for a jury trial; (2) Conces' correction of the Government's complaint; and (3) Conces' request that the Court convene a grand jury to investigate Conces' allegations of fraud against the Commissioner of the

5

Internal Revenue Service and other Internal Revenue Service employees and agents. Conces has not responded to this motion.

With regard to Conces' request for a jury trial, the Sixth Circuit has held that there is no right to a jury trial under the Seventh Amendment where the claims are equitable in nature. See Leary v. Daeschner, 349 F.3d 888, 910 (6th Cir. 2003) (citing Hildebrand v. Bd. of Tr. of Mich. State Univ., 607 F.2d 705, 708 (6th Cir. 1979)). In this case, the Government seeks only equitable relief in the form of an injunction. Therefore, the Court will strike the request for a jury trial. In addition, the Court will amend the Case Management Order to reflect that the case will be a bench trial.

The Government also requests that the Court strike Conces' unilateral amendment of the caption of the case. The Court notes that in its amended complaint, the Government has changed the caption to "United States of America, Plaintiff v. Charles Conces, individually and d/b/a Chairman of the National Lawman Committee(s) for the Public Interest, an unincorporated organization." This is the current caption of the case and is the only proper caption to be used on pleadings and other documents filed in the Court. Conces may file a motion to amend the caption if there is a proper basis for doing so, but he may not unilaterally change the caption. Thus, the Court will strike Conces' caption to the extent that it is inconsistent with the caption set forth on the first amended complaint.

Finally, the Government requests that the Court strike Conces' request for a grand jury because the Court does not have the power to initiate a grand jury investigation regarding Conces' claim of fraud. "[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S. Ct. 663, 668 (1978). See also Bonner v. Family Independence Agency, No. 04-74574, at *8 (E.D. Mich. Dec. 20, 2005) ("This court cannot initiate a grand jury investigation. Such

6

decisions rest entirely with the executive branch, namely, the United States Attorney."). Accordingly, the Court will strike Plaintiff's request for a grand jury.

### III.  Conces' Motion to Dismiss

Conces has also filed a motion to dismiss, arguing that the Court lacks subject matter jurisdiction over the Government's claims. Although ostensibly brought as a motion to dismiss for lack of subject matter jurisdiction, Conces argument is really that the Government fails to state a claim because the income tax is unconstitutional. In any event, the Court will consider Conces' motion as asserting both lack of subject matter jurisdiction and failure to state a claim.[2]

To the extent that Conces asserts that this Court lacks subject matter jurisdiction, his argument is easily rejected. The Government alleges that this Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1340 and 1345. Section 1340 provides:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade.

28 U.S.C. § 1340. Section 1345 provides:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

28 U.S.C. § 1345. Conces fails to explain why either of these statutes is insufficient to confer jurisdiction in this matter. In fact, he admits that "sections 1340 and 1345 are jurisdictional statutes." (Def.'s Mot. to Dismiss at 11.) The fact that "they do not provide a cause of action in

---

[2]The Government notes that Conces could not bring a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because he has already answered the complaint. Rather, Conces' motion would properly be brought as a Rule 12(c) motion for judgment on the pleadings. Because the standards for deciding both types of motions are the same, Conces' failure to label his motion correctly is excusable, especially in light of his pro se status.

themselves," (id.), as Conces correctly notes, is not only irrelevant to subject matter jurisdiction, but also highlights Conces' misguided understanding of basic principles of subject matter jurisdiction.

As with Conces' subject matter jurisdiction argument, the Court need not spend much time rejecting Conces' claim that the income tax was not a valid exercise of Congress' authority under the Sixteenth Amendment because courts have rejected such arguments over and over again. For example, in Perkins v. Commissioner, 746 F.2d 1187 (6th Cir. 1984), the Sixth Circuit stated that Congress has "authority under the Sixteenth Amendment to the Constitution to impose taxes on income without apportionment among the states." Id. at 1188; see also Dorset v. Comm'r, No. 84-1582, 1985 WL 12861, at *1 (6th Cir. Jan. 11, 1985) ("The broad grant of power implicit in the Sixteenth Amendment to the Constitution allows Congress power to collect income tax regardless of the source of the taxpayers' income."). The Sixth Circuit and other courts have rejected, in one form or another, arguments that the income tax is unconstitutional. See Martin v. Comm'r, 756 F.2d 38, 40 (6th Cir. 1985) ("In light of the sixteenth amendment . . . all taxation of income, 'from whatever source derived,' was found to be constitutional in [Brushaber v. Union Pac. R.R. Co., 240 U.S. 1, 36 S. Ct. 236 (1916)]."); United States v. Maggi, No. 98-5570, 1999 WL 96651, at *2 (6th Cir. Feb. 5, 1999) (noting that the argument that the income tax is unconstitutional because it is a direct, unapportioned tax, "has been raised and rejected for decades"); Reyling v. United States, No. 86-5413, 1986 WL 17607, at *1 (6th Cir. Aug. 15, 1986) (noting that Brushaber rejected the argument that the income tax is unconstitutional because it is a direct, unapportioned tax and that the federal courts have subsequently affirmed that ruling); Britt v. Comm'r, No. 85-1465, 1986 WL 16413, at *1 (6th Cir. Jan. 15, 1986) ("The constitutionality of the income tax laws, pursuant to the sixteenth amendment, is well established."); United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (noting that "we have rejected, on numerous occasions, the tax-protestor argument that the

federal income tax is an unconstitutional direct tax that must be apportioned"); <u>United States v. Moore</u>, 692 F.2d 95, 97 (10th Cir. 1979) (noting that the Supreme Court found the income tax valid in <u>Brushaber</u>). Such arguments have been raised and rejected so often that courts simply reject them out of hand as frivolous. <u>See</u> <u>In re Hess</u>, No. 85-3293, 1985 WL 13545 (6th Cir. July 19, 1985) ("This matter is before the Court upon consideration of petitioner's petition for writ of prohibition wherein he seeks to have the income tax laws declared invalid/unconstitutional. The petition is frivolous."); <u>United States v. Engh</u>, 330 F.3d 954, 955 (7th Cir. 2003) (noting that the defendant "relied on tired – and uniformly rejected – arguments of the tax protestor movement, including an assertion that the federal tax on income is unconstitutional"); <u>Gross v. United States</u>, No. CV 82-2236-R, 1982 WL 1724, at *2 (C.D. Cal. Dec. 20, 1982) ("The argument here advanced by plaintiffs, that the income tax is unconstitutional because it is direct and nonuniform, has been rejected as frivolous."). None of the Supreme Court cases Conces cites supports a contrary conclusion. Thus, Conces' argument, as well as the relief that he requests, is frivolous.

**IV.     Government's Response to Embedded Motions**

The Government has filed a response to the apparent motions set forth in Conces' answer. Because Conces did not file a formal motion and supporting brief, as required by the local rules of this district, the purported motions are not considered as filed. Nonetheless, in order to curtail the filing of additional unnecessary motions, the Court will address the issues the Government raises in its brief.

Conces asserts in his answer that the Court "lacks subject matter jurisdiction to hear this case for want of evidence, want of sworn witnesses, want of proof, [and] perpetration of fraud on the Court" by the Government's counsel. (Answer at 3-4.) Conces also asserts that the Court lacks jurisdiction "for want of a verified claim" and because the Government cannot "testify or be cross-

9

examined by the Defendant." (Id. at 4.) Finally, he asserts that the Court lacks subject matter jurisdiction "for fraud committed by the IRS and IRS agents." (Id.)

Contrary to Conces' assertions, none of the above grounds deprive this Court of subject matter jurisdiction. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Cir. P. 8(a)(2). The Government's first amended complaint meets this requirement. The complaint need not contain evidence, witnesses, or proof, nor need it be verified. Moreover, the Government will have an opportunity to present evidence, including documentary evidence and testimony of witnesses later in the case. Conces will likewise have the opportunity to present his own evidence and may cross-examine the Government's witnesses. Finally, Conces' allegation of fraud does not deprive this Court of jurisdiction. Furthermore, to the extent such claim is based solely upon tax protestor arguments, such as the one Conces raised in his motion to dismiss, it is frivolous and will be rejected.

**V.      Conces' "Jurisdictional Challenge One" and "Jurisdictional Challenge Two"**

Finally, the Court notes that Conces has filed two documents titled "Jurisdictional Challenge One" and "Jurisdictional Challenge Two." These documents were not filed as formal motions, but the Court will address the arguments Conces raises in those documents.

With respect to the first so-called challenge, the Court notes that it has already determined that it has subject matter jurisdiction over this case and any suggestion to the contrary is rejected. Next, Conces' argument that the Internal Revenue Code has not been enacted into "positive law" is rejected as a basis for dismissal. See Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985) (stating that a failure to enact a code into positive law does not render the code unenforceable); Chapman v. Egger, No. 85-2151, 1986 WL 18610, at *1 (4th Cir. Oct. 21, 1986) (per curiam) (noting that the plaintiff's "positive law" claim regarding the Internal Revenue Code was "utterly devoid of merit").

10

Finally, Conces argument regarding 26 U.S.C. § 7608 is without merit, as the Government does not rely upon that section as a basis for its claim.

Conces' second challenge reiterates both his subject matter jurisdiction argument and his recusal argument, which are again rejected. In addition, Conces invokes the ground of lack of personal jurisdiction but, as a resident of this district, he fails to explain why this Court lacks personal jurisdiction over him. Finally, Conces states that "further jurisdictional challenges are currently being prepared." The Court hereby notifies Conces that it has made all required jurisdictional determinations and will not tolerate further so-called jurisdictional challenges. Conces should not waste his time preparing and filing such challenges because the Court will consider them frivolous and will summarily deny them. Conces may file legitimate motions and briefs and respond to the Government's motions but, from this point forward, he should resist the tax-protestor urge to raise jurisdiction "at any time" and often.

## **Conclusion**

For the foregoing reasons, the Court will deny Conces' motions for recusal and to dismiss and will grant the Government's motion to strike portions of Conces' answer.

An Order consistent with this Opinion will be entered.


Dated: February 15, 2006                             /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE