UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 1:05-CV-739

CHARLES CONCES, individually         HON. GORDON J. QUIST
and d/b/a CHAIRMAN of the
NATIONAL LAWMAN COMMITTEE(S)
FOR THE PUBLIC INTEREST, an
unincorporated organization,

    Defendant.
_____/

## **OPINION**

The Court has before it the United States' ("Government") motion for preliminary injunction and its motion for discovery sanctions. The Court held oral argument on both motions on April 19, 2006. Defendant, Charles Conces ("Conces"), failed to appear at the hearing. For the reasons set forth below and as noted at the conclusion of the April 19 hearing, the Court will grant the motion for discovery sanctions and enter a default judgment against Conces granting the injunctive relief requested by the Government.

The Government has sued Conces, d/b/a Chairman of the National Lawman Committee(s) for the Public Interest, pursuant to 26 U.S.C. §§ 7402 and 7408, seeking injunctive relief prohibiting Conces, individually and as the National Lawman Committee(s) for the Public Interest, from violating and interfering with the administration of the internal revenue laws. The Government seeks to enjoin Conces from organizing, promoting, marketing, or selling abusive tax shelters, from aiding and abetting other persons' federal tax understatements, and from otherwise engaging in conduct that

impedes the administration and enforcement of the tax laws. Although Conces filed a purported answer to the complaint, his participation in this case has been essentially limited to filing several motions, notices, and statements of fact raising the same frivolous arguments, e.g., lack of subject matter jurisdiction, lack of personal jurisdiction, bias, and invalidity of the income tax laws, *ad nauseam*. Conces failed to participate in the preparation of a joint status report, failed to attend the Rule 16 conference held on January 6, 2006, and failed to make his mandatory Rule 26(a) disclosures. Consequently, on March 7, 2006, the Court entered an Order granting the Government's motion to compel. The Court ordered Conces to provide his disclosures by March 21, 2006, and it warned him that it would give serious consideration to entry of a default judgment as a sanction if Conces failed to provide his disclosures. Predictably, Conces failed to comply with the order, prompting the Government to file its instant motion for discovery sanctions.

The Sixth Circuit has specified a four-part test for determining whether an entry of a default judgment is an appropriate discovery sanction, which considers: (1) whether the party's failure to cooperate in discovery is due to wilful bad faith and not mere inability to cooperate; (2) whether the opposing party was prejudiced; (3) whether the offending party was warned that failure to cooperate could result in entry of a default judgment; and (4) whether less drastic sanctions were considered prior to the entry of default. See Bank one of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990). The first factor is satisfied in this case because Conces has failed to offer any reason for not providing his disclosures, as required by the March 7 Order. Moreover, Conces' failures to participate in discovery planning, to attend the Rule 16 conference, and to attend the April 19 hearing support a conclusion of bad faith delay and refusal to provide discovery. The second factor is satisfied because Conces' failure to comply with the March 7 Order has caused the Government

delay in prosecuting its case. Third, the Court warned Conces that it would consider a default judgment as a sanction if Conces ignored the Court's orders. Finally, a less drastic sanction would likely not be effective in light of Conces' prior conduct in this case.

The Court also concludes that the Government is entitled to a permanent injunction as relief in this case. The Government seeks an injunction pursuant to 26 U.S.C. §§ 7402 and 7408. Under § 7402, a district court is authorized to "make and issue in civil actions, writs and orders of injunction . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Section 7408 authorizes a district court to enjoin any person from engaging in activities that are subject to penalty under various sections of the income tax code, including 26 U.S.C. §§ 6700 and 6701. See 26 U.S.C. § 7408; United States v. Schiff, 379 F.3d 621, 624 (9th Cir. 2004). Because § 7408 provides a statutory basis for injunctive relief, a court does not consider the traditional requirements for equitable relief. See United States v. Gleason, 432 F.3d 678, 682 (6th Cir. 2005). Instead, a district court may grant an injunction when: "(1) the defendant has engaged in conduct subject to penalty under 26 U.S.C. § 6700 [or under another statute cited in § 7408], and (2) injunctive relief is appropriate to prevent recurrence of such conduct." Id. On the other hand, several courts have held that in determining whether injunctive relief should issue under § 7402, a district court considers the traditional factors applicable to a motion under Fed. R. Civ. P. 65. See United States v. Lloyd, No. 1:04CV00274, 2005 WL 3307281, at *7 (M.D.N.C. Dec. 6, 2005). In contrast to § 7408, under § 7402, "there need not be a showing that a party has violated a particular Internal Revenue Code section in order for an injunction to issue." United States v. Ernst & Whinney, 735 F.2d 1296, 1300 (11th Cir. 1984).

3

The Government alleges that Conces violated 26 U.S.C. §§ 6700 and 6701. In order to establish that a defendant violated § 6700, which prohibits promotion of abusive tax shelters, the Government must show that: (1) the defendant organized or participated in the sale of an entity, plan, or arrangement; (2) the defendant made false or fraudulent statements regarding specified tax matters, including deductions, in connection with that organization or sale; (3) the defendant knew or had reason to know that his statements were false or fraudulent, and (4) the statements pertained to a material matter. See Gleason, 432 F.3d at 682 (citing United States v. Estate Pres. Servs., 202 F.3d 1093, 1098 (9th Cir. 2000)). "Under § 6700 any 'plan or arrangement' having some connection to taxes can serve as a 'tax shelter" and will be an 'abusive' tax shelter if the defendant makes the requisite false or fraudulent statements concerning the tax benefits of participation." United States v. Raymond, 228 F.3d 804, 811 (7th Cir. 2000). The language of § 6700 is broad enough to include any tax protestor group whose primary purpose is to incite members to evade the tax laws through such means as filing false or fraudulent returns with the intent to disrupt the IRS' efforts to collect taxes. See id.; United States v. White, 769 F.2d 511, 515 (8th Cir. 1985) (concluding that § 6700 applied to the defendant's activities of promoting and selling materials that contained detailed instructions about false and fraudulent means to evade federal income taxes and instructing individuals on how to harass and impede IRS employees).

The Government has provided substantial evidence showing that Conces violated § 6700. First, it has shown that Conces promotes tax evasion by creating and selling materials designed to obstruct the administration of the income tax laws. Specifically, the Government has presented evidence that: (1) Conces promotes the use of zero returns (a return showing that the taxpayer has no income based upon the faulty premise that income is not taxable under the income tax laws) on

4

his website and in letters to his customers and supporters and provides fill-in-the-blank templates for customers to use in filing zero returns; (2) Conces sells a series of letters directed to local county registers of deeds (designed to interfere with the filing of IRS tax liens) and IRS agents (notifying them that their actions are illegal and demanding that they sign an affidavit as "proof" that they know that their actions are illegal, for the intended purpose of dissuading them from conducting an audit or collecting tax); (3) Conces encourages customers to file lawsuits against IRS agents and has offered to sell for $100 a generic lawsuit, patterned on a lawsuit that he has filed; (4) Conces provides instructions for filing criminal complaints in state and federal courts against registers of deeds for filing federal tax liens; and (5) Conces sells other materials on his CD (for the price of $330) which include a letter from a private investigator regarding the personal life of an IRS agent, a recruiting letter where Conces offers to initiate a lawsuit for a fee, and letters to judges alleging that they acted illegally in dismissing his cases.  Second, Conces makes false and fraudulent statements, such as that his customers may use his letters as evidence against an IRS agent for civil lawsuits and that, by using the letters, his customers can eliminate the possibility of having a court award attorney fees for filing a frivolous lawsuit.  In addition, he claims that filing zero returns when an individual has income is legitimate; that the 16th Amendment does not apply to non-corporate federal income taxes; and that the IRS cannot place a lien on a person's real or personal property if that person fails to pay a tax.  Third, the Government has shown that Conces knows or has reason to know that his theories regarding the validity of the income tax are wrong because they are based upon unreasonable interpretations of the law.  Finally, Conces' sale and promotion of his zero return materials, letter packets, and other materials pertain to a material matter because they encourage customers to purchase his income tax avoidance packages.

The Government has also shown that Conces violated § 6701, which applies to any person who: (1) prepares or assists in the preparation of any portion of a return, affidavit, claim, or other document; (2) knows that it will be used in connection with any material matter; (3) and knows that it will result in an understatement of tax liability. See 26 U.S.C. § 6701(a). The zero return materials that are on Conces' website satisfy these requirements. Therefore, the Government is entitled to injunctive relief pursuant to 26 U.S.C. § 7408.[1]

In conclusion, the Court will grant the Government's motion for discovery sanctions and will enter a default judgment granting the Government's requested injunctive relief.

An Order and Judgment consistent with this Opinion will be entered.

Dated: April 24, 2006                          /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE

---

[1] Having concluded that the Government is entitled to relief under § 7408, the Court finds it unnecessary to address the Government's entitlement to relief under § 7402.